IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| PLAYCORE WISCONSIN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| PLAYPOWER, INC., MIRACLE ) | |
| RECREATION EQUIPMENT COMPANY, ) | |
| and PLAYPOWER LT FARMINGTON, ) | |
| INC. d/b/a LITTLE TIKES ) | |
| COMMERCIAL PLAY SYSTEMS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, PlayCore Wisconsin, Inc., for its Complaint against Defendants PlayPower, Inc., Miracle Recreation Equipment Company, and PlayPower LT Farmington, Inc. d/b/a Little Tikes Commercial Play Systems (collectively "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

### THE PARTIES

2. Plaintiff PlayCore Wisconsin, Inc. ("PlayCore) is a Wisconsin corporation having its principal place of business at 401 Chestnut Street, Suite 310, Chattanooga, Tennessee 37402.

3. Defendant PlayPower, Inc. ("PlayPower") is a Delaware corporation, having its principal place of business at 13620 East Reese Boulevard, Suite 300, Huntersville, North Carolina 28078. PlayPower is the parent company of Miracle Recreation Equipment Company, PlayPower LT Farmington, Inc. d/b/a/ Little Tikes Commercial Play Systems, and other

8332361_2.DOC

1

companies that manufacture and/or supply recreational and leisure equipment, including commercial playground equipment.

4. Miracle Recreation Equipment Company ("Miracle Recreation") is an Iowa corporation, having its principal place of business at 878 Highway 60, Monett, Missouri 65708. Miracle Recreation manufactures commercial outdoor playgrounds and related products. Miracle Recreation is registered to do business in the State of Tennessee. Miracle Recreation's registered agent for service of process in the State of Tennessee is CT Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929.

5. Miracle Recreation is a subsidiary of PlayPower and under the direct or indirect control of PlayPower. As of the date of the filing of this Complaint, the same individual is the President of both PlayPower and Miracle Recreation.

6. PowerPlay LT Farmington, Inc. d/b/a Little Tikes Commercial Play Systems ("Little Tikes") is a Missouri corporation, having its principal place of business at One Iron Mountain Drive, Farmington, Missouri 63640. Little Tikes is a manufacturer of commercial playground equipment, play systems, and play structures.

7. Little Tikes is a subsidiary of PlayPower and under the direct or indirect control of PlayPower. As of the date of the filing of this Complaint, the same individual is the President of both PlayPower and Little Tikes.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action for patent infringement pursuant to 28 U.S.C. § 1338(a).

9. This Court has personal jurisdiction of Defendant PlayPower by virtue of its transaction of business within the State of Tennessee and pursuant to TENN. CODE ANN. § 20-2-201(a).

10. Venue is proper in this District as to PlayPower pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) in that Defendant PlayPower has significant contacts with the District both through its infringing acts and through its transaction of business within the District.

11. This Court has personal jurisdiction of Defendant Miracle Recreation by virtue of its transaction of business within the State of Tennessee and pursuant to TENN. CODE ANN. § 20-2-201(a).

12. Venue is proper in this District as to Miracle Recreation pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) in that Defendant Miracle Recreation has significant contacts with the District both through its infringing acts and through its transaction of business within the District.

13. This Court has personal jurisdiction of Defendant Little Tikes by virtue of its transaction of business within the State of Tennessee and pursuant to TENN. CODE ANN. § 20-2-201(a).

14. Venue is proper in this District as to Little Tikes pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) in that Defendant Little Tikes has significant contacts with the District both through its infringing acts and through its transaction of business within the District.

**FACTUAL BACKGROUND**

15. PlayCore is manufacturer of commercial and residential playground equipment and other play-related products.

16. PlayCore is the owner of United States Patent No. 7,874,926 ("the '926 Patent") issued January 25, 2011, for an Elevated Hand-Held Merry-Go-Round. A true and correct copy of the '926 Patent is attached as **<u>Exhibit A.</u>**

17. As the real party in interest pursuant to Federal Rule of Civil Procedure 17, PlayCore is entitled to all the rights and benefits bestowed by said '926 Patent.

18. PlayPower and its subsidiary companies, including Miracle Recreation and Little Tikes, manufacture and/or supply commercial outdoor playground equipment.

19. Defendants have sales representatives who solicit orders for their products throughout the United States within the State of Tennessee, including in person solicitation. Defendants also advertise their products on the worldwide web and such advertisements may be accessed in Tennessee and throughout the world. Defendants actively submit quotes for and bid on projects located within the State of Tennessee.

20. Defendants advertise for sale an elevated merry-go-round product referred to as the "MayPole."

21. Defendants have advertised for sale the MayPole product in Tennessee.

22. Defendants have shipped the MayPole product into Tennessee for delivery to Tennessee residents.

23. Defendants have made and will continue to make sales in the United States of the MayPole product, including to residents and businesses located in the State of Tennessee.

24. The MayPole product being sold and offered for sale by Defendants infringes one or more claims of the '926 Patent directly, indirectly or under the doctrine of equivalents.

## CAUSE OF ACTION

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,874,926

25. PlayCore hereby realleges and incorporates by reference the allegations of Paragraphs 1 through 24 of this Complaint.

26. Defendants have infringed and continue to infringe one or more claims of the '926 Patent, either directly, indirectly or under the doctrine of equivalents.

27. Defendants are fully aware and have actual knowledge of the '926 Patent and that the MayPole embodies the invention covered by one or more claims of the '926 Patent, and that such unlicensed use and continued use infringes and will continue to infringe on said claims of the '926 Patent.

28. Defendants infringement of the '926 Patent is willful and deliberate, and Defendants are without a reasonable basis for believing that their conduct is or was lawful.

29. Defendants have made profits from their acts of patent infringement. and PlayCore has suffered damages. The extent of such profits and damages are unknown to PlayCore at this time.

30. Defendants' infringement of the '926 Patent has caused and will continue to cause irreparable damage and injury to PlayCore. PlayCore has no adequate remedy at law, and if Defendants' activities are not enjoined, PlayCore will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff PlayCore respectfully prays the following:

(A) An order and judgment declaring the claims of United States Patent No. 7,874,926 valid, enforceable, and infringed by Defendants;

(B) An Injunction preliminarily and permanently enjoining and restraining Defendants and all their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert, common control or participation with each of them, from further infringement or contributory infringement of said United States Patent No. 7,874,926;

(C) An order commanding Defendants to file with this Court and serve upon Plaintiff within thirty (30) days after service upon Defendants of the injunction issued by the Court in this action, a report in writing under oath, setting forth in detail the manner in which Defendants have complied with such injunction.

(D) An order commanding Defendants to account for all of its sales revenues and profits generated by the acts alleged herein otherwise generated by the sale of its infringing goods;

(E) Damages arising out of Defendants' past and future infringement of United States Patent No. 7,874,926, and an increase of those damages to three times the amount assessed, together with prejudgment interest thereon pursuant to 35 U.S.C. § 284;

(F) An award of Plaintiff's attorneys' fees in this action under 35 U.S.C. § 285;

(G) An award of Plaintiffs' reasonable costs and expenses in this action; and

(E) Such other, further, or different relief as this Court may deem just and proper.

Respectfully submitted this 17th day of June, 2011.

           **MILLER & MARTIN PLLC**

           **s/Charles W. Forlidas**
           Charles W. Forlidas (TN BPR No. 16094)
           cforlidas@millermartin.com
           **s/Celeste C. Creswell**
           Celeste C. Creswell (TN BPR No. 018305)
           ccreswell@millermartin.com
           **s/ Jade D. Dodds**
           Jade D. Dodds (TN BPR No.028004)
           jdodds@millermartin.com
           832 Georgia Ave., Suite 1000
           Chattanooga, Tennessee 37402-2289
           Telephone: (423) 756-6600
           Facsimile: (423) 785-8480
           ***Attorneys for Plaintiff/PlayCore Wisconsin, Inc.***